# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDU-SCIENCE (USA), INC.,<br><br>                      Plaintiff,<br>  v.<br><br>INTUBRITE, LLC,<br><br>                      Defendant. | Case No. 12cv01078 BTM (WMC)<br><br>**ORDER DENYING EDU-HK'S MOTION TO DISMISS** |
| INTUBRITE, LLC,<br><br>                      Counterclaimant,<br>  v.<br><br>EDU-SCIENCE (USA), INC.; and EDU-SCIENCE (HK) LTD.,<br><br>                      Counterdefendants. | |

     In its answer to the Complaint, Defendant IntuBrite, LLC ("IntuBrite") brought counterclaims against Plaintiff Edu-Science (USA), Inc. ("EDU-USA") and third party Edu-Science (HK) Ltd. ("EDU-HK"). On November 23, 2012, EDU-HK filed a motion to dismiss IntuBrite's counterclaims against it on the grounds of lack of personal jurisdiction and forum non conveniens (ECF No. 34). For the reasons below, EDU-HK's motion to dismiss is **DENIED**.

//

//

# I. BACKGROUND

On February 16, 2012, EDU-USA filed suit against IntuBrite for breach of contract. In its answer, IntuBrite brought counterclaims against EDU-USA and EDU-HK for: 1) breach of contract; 2) breach of the implied warranty of merchantability; 3) negligence; 4) intentional interference with prospective advantage; 5) intentional misrepresentation of fact; and 6) negligent misrepresentation of fact.

This case arises out of a contract dispute for the supply of medical equipment, specifically stylettes and laryngoscopes with pouches. Plaintiff EDU-USA claims that IntuBrite breached its contracts by, *inter alia*, failing to pay for the goods it had ordered. IntuBrite, in turn, claims that the goods were defective and/or otherwise failed to conform to what had been ordered.

IntuBrite, a California limited liability company with its principal place of business in California, brings its counterclaims both against the plaintiff, EDU-USA, and a third party, EDU-HK. The reason for this appears to be that both price quotations – the one for the stylettes and the one for the laryngoscopes with pouches – state toward the bottom, "For and on behalf of Edu-Science (H.K.) Ltd." See Compl., Ex. A & D. IntuBrite has not otherwise made any allegations as to EDU-HK's involvement. According to EDU-USA, it is not affiliated with EDU-HK, but rather "Edu-Science (HK) LTD. is simply a supplier to EDU-USA who is simply a purchaser." See EDU-USA Answer (ECF No. 21), ¶5. However, EDU-HK acknowledges that Patrick Ng, with whom IntuBrite communicated regarding the medical equipment, is vice president of both EDU-USA and EDU-HK. According to Mr. Ng's declaration, however, he is a vice president of EDU-HK "in name only." See EDU-HK's Reply (ECF No. 37), Decl. of Patrick Ng ¶3. EDU-HK otherwise denies any affiliation with EDU-USA.

//
//
//

## II. DISCUSSION

Counterdefendant EDU-HK moves to dismiss IntuBrite's claims against it on the grounds of lack of personal jurisdiction and forum non conveniens. Each will be discussed in turn.

### A. Personal Jurisdiction

First, EDU-HK argues that this court does not have personal jurisdiction over it. "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction." In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716 (9th Cir. 2013) (citing Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003)). However, the plaintiff need only make a prima facie showing of jurisdiction, with all disputed facts resolved in favor of the plaintiff. Id.

In general, personal jurisdiction over a defendant is proper if permitted by the state's long-arm statute and if the exercise of that jurisdiction does not violate federal due process. Data Disc, Inc. v. Sys. Tech. Associates, Inc., 557 F.2d 1280, 1286 (9th Cir. 1977). California's long-arm statute allows courts to exercise jurisdiction to the full extent permitted under the Constitution. Id.

To exercise personal jurisdiction over a nonresident defendant consistent with federal due process, "that defendant must have at least minimum contacts with the relevant forum such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." Boschetto v. Hansing, 539 F.3d 1011, 1015-16 (9th Cir. 2008) (internal quotations omitted).

There are two kinds of personal jurisdiction, general and specific. The Court has general jurisdiction over a nonresident defendant where the defendant has "substantial" or "continuous and systematic" contacts with the state, such that it may be haled into court in that state for any action without violating due process. However, "[t]he standard for establishing general jurisdiction is 'fairly high,' and requires that the

defendant's contacts be of the sort that approximate physical presence." <u>Bancroft & Masters, Inc. v. Augusta Nat. Inc.</u>, 223 F.3d 1082, 1086 (9th Cir. 2000) (citation omitted).

Alternatively, specific jurisdiction exists where: (1) the non-resident defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. <u>Id.</u> at 1086.

Neither party has alleged any facts supporting general jurisdiction. Therefore, the question is whether the Court's exercise of jurisdiction over EDU-HK is reasonable based on EDU-HK's contacts with this forum in connection with the contracts at issue.

EDU-HK relies heavily on <u>Boschetto v. Hansing</u>, 539 F.3d 1011 (9th Cir. 2008), in which the Ninth Circuit held that "the lone transaction for the sale of one item," a car, did not suffice to establish personal jurisdiction over the nonresident defendants. However, the transaction at issue in <u>Boschetto</u> "did not create any ongoing obligations" with the plaintiff in California, nor did the contract "require the Defendants to engage in any substantial business in California." <u>Id.</u> at 1017. In contrast, EDU-HK had a continuing obligation to ship the stylettes and laryngoscopes to IntuBrite in California under the contracts. Moreover, EDU-HK invited the CEO of IntuBrite, via letters mailed to an address in California, to visit its factory in Hong Kong on at least two occasions to discuss EDU-HK's supply of the medical equipment to IntuBrite. <u>See</u> IntuBrite's Opp. (ECF No. 36), Decl. of John R. Hicks ¶¶4 & 14; <u>see also id.</u>, Ex. 2 & 15. It is well-established that "due process permits the exercise of personal jurisdiction over a defendant who purposefully directs his activities at residents of a forum, even in the absence of physical contacts with the forum." <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 803 (9th Cir. 2004) (internal quotations and alteration omitted). While the "degree of interjection" also plays a role in determining the reasonableness of exercising jurisdiction, <u>Harris Rutsky</u>, 328 F.2d at 1132, EDU-

HK's contacts with California are sufficiently extensive so as to make reasonable the exercise of jurisdiction.  Compare id. at 1131-32 (exercise of personal jurisdiction was reasonable where nonresident defendant purposefully sought out a business relationship with a California corporation, had ongoing contacts with the state over a five-year period, and drafted the agreement at issue).  Therefore, the first two prongs are met.

As to the final prong, whether the exercise of jurisdiction is reasonable depends on whether it comports with "fair play and substantial justice."  Bancroft, 223 F.3d at 1088 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985)).  There are seven factors to be considered: (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.  Id.

Most of the factors clearly weigh in favor of exercising jurisdiction over EDU-HK.  EDU-HK has purposefully interjected itself into the forum state by shipping the medical equipment to California and otherwise communicating with IntuBrite, a company EDU-HK knew was located in California, regarding the goods.  California has a strong interest in adjudicating the dispute because IntuBrite alleges that the medical equipment EDU-HK sent to IntuBrite in California contained defects, including contamination and mislabeling.  Moreover, it would be more efficient for IntuBrite's counterclaims to be heard here, since they are closely related to the claims in the main action brought by EDU-USA.  Finally, because IntuBrite, its witnesses, and the allegedly defective goods are located in California, having its claims heard here is extremely significant to its interest in obtaining convenient and effective relief.

That said, the fact that EDU-HK is located in Hong Kong weighs against the exercise of jurisdiction.  See Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102,

114 (1987) ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders."). However, this factor is not dispositive, especially since modern technology has "significantly reduced the burden of litigating in another country." Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1115 (9th Cir. 2002) (internal quotations omitted).

The Court is mindful that, according to the declaration of Max Choi, "[e]mployees who work in the People's Republic of China are not permitted to travel to the United States without the written permission of the government of the People's Republic of China, which would be difficult to obtain in a civil case in the United States." (ECF No. 39, ¶5.) Nonetheless, the Court must balance that against the difficulty that IntuBrite would face it in obtaining relief for its claims were it forced to bring suit in Hong Kong.

As to the remaining factor, conflict with the sovereignty of Hong Kong, this factor "entails an examination of the competing sovereign interests in regulating [the defendant's] behavior." Dole, 303 F.3d at 1115. California has a strong interest in protecting its businesses, and certainly in protecting its citizens from faulty medical equipment. Moreover, while Hong Kong may have an interest in regulating its businesses, the goods in this case were intended solely for use in the United States. Regardless of whether EDU-HK is affiliated with EDU-USA or not, EDU-HK appears to do a significant amount of business with EDU-USA, which is an American company supplying medical equipment to other American companies. Thus, this factor weighs in favor of retaining jurisdiction.

In sum, while the Court appreciates that it may be difficult for EDU-HK to litigate in this district, the factors overall favor IntuBrite. Therefore, the Court holds that it has personal jurisdiction over EDU-HK.

//
//

**B.  Forum Non Conveniens**

EDU-HK's second argument is that the claims against it should be dismissed on the grounds of forum non conveniens.  A district court may decline to exercise jurisdiction where a foreign forum would be more convenient.  Lueck v. Sundstrand Corp., 236 F.3d 1137, 1142 (9th Cir. 2001).  "In dismissing an action on forum non conveniens grounds the court must examine: (1) whether an adequate alternative forum exists, and (2) whether the balance of private and public interest factors favors dismissal."  Id.

*1. Adequate Alternative Forum*

"The defendant bears the burden of proving the existence of an adequate alternative forum."  Cheng v. Boeing Co., 708 F.2d 1406, 1411 (9th Cir.1983).  An alternative forum generally exists when "the defendant is amenable to service of process in the foreign forum."  Lueck v. Sundstrand Corp., 236 F.3d 1137, 1143 (9th Cir. 2001).  Here, EDU-HK has indicated that it would be amenable to service of process in Hong Kong, where it is located.  Therefore, this prong is met.

*2. Private and Public Interest Factors*

The private interest factors to be considered are:
- (1) the residence of the parties and the witnesses;
- (2) the forum's convenience to the litigants;
- (3) access to physical evidence and other sources of proof;
- (4) whether unwilling witnesses can be compelled to testify;
- (5) the cost of bringing witnesses to trial;
- (6) the enforceability of the judgment; and
- (7) "all other practical problems that make trial of a case easy, expeditious and inexpensive."

Lueck, 236 F.3d at 1145.  These factors cut both ways, for whatever would be easier

for EDU-HK would be harder for IntuBrite, and vice versa. For instance, IntuBrite is likely to have witnesses and physical evidence in California, while EDU-HK is likely to have witnesses and physical evidence in Hong Kong. But as IntuBrite points out, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

The public interest factors to be considered are:

(1) local interest of lawsuit;

(2) the court's familiarity with governing law;

(3) burden on local courts and juries;

(4) congestion in the court; and

(5) the costs of resolving a dispute unrelated to this forum.

Lueck, 236 F.3d at 1147. As noted above, California has a strong interest in this case, and the dispute is certainly not unrelated to this forum. Moreover, it is more expeditious to hear IntuBrite's claims here, since the related case brought by EDU-USA will move forward in this district. Therefore, these factors weigh in favor of keeping the case in this district.

Overall, the public and private interest factors weigh against dismissing the case on forum non conveniens grounds, and the mere fact that an alternative forum exists does not outweigh the presumption in favor of the plaintiff's choice of forum. The Court therefore **DENIES** EDU-HK's motion to dismiss on forum non conveniens grounds.

//
//
//
//
//
//
//

## III. CONCLUSION

For the reasons above, EDU-HK's motion to dismiss (ECF No. 34) is hereby **DENIED**.

**IT IS SO ORDERED.**

DATED: July 15, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court