**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDU-SCIENCE (USA), INC., <br><br> Plaintiff, <br> v. <br><br> INTUBRITE, LLC, <br><br> Defendant. | Case No. 12cv01078 BTM (WMC) <br><br> **ORDER DENYING INTUBRITE'S MOTION FOR TERMINATING SANCTIONS** |
| INTUBRITE, LLC, <br><br> Counterclaimant, <br> v. <br><br> EDU-SCIENCE (USA), INC.; and EDU-SCIENCE (HK) LTD., <br><br> Counterdefendants. | |

In a motion filed *nunc pro tunc* to April 26, 2013, Defendant and counterclaimant Intubrite, LLC ("Defendant" or "Intubrite") filed a motion for terminating sanctions, or in the alternative, an order from the Court compelling depositions ("Mot."). Plaintiff and counterdefendant EDU-Science (USA), Inc. ("Plaintiff" or "EDU-USA") filed its opposition *nunc pro tunc* to May 4, 2013 ("Opp."). For the reasons below, Intubrite's motion for terminating sanctions or an order compelling depositions (ECF No. 60) is **DENIED**.

# I. BACKGROUND

Intubrite alleges that on March 26, 2013, it served six notices of deposition on EDU-USA for Patrick Ng ("Ng"), Max Choi ("Choi"), Teresa Wong ("Wong"), "Ellen" (whose surname appears to be unknown), Bardeen Lai ("Lai") and KO Tsang ("Tsang"). All of the depositions were to take place during the week of April 8, 2013, but only Ng appeared for his deposition. Additionally, Plaintiff's counsel represented to Intubrite that "Ellen" is not an employee of either EDU-USA or EDU-Science (HK), Ltd. ("EDU-HK").

EDU-USA objected to the four remaining deposition notices (Choi, Wong, Lai, and Tsang), but did not seek a protective order. Intubrite argues that EDU-USA's failure to seek a protective order means that EDU-USA waived any right to object to the deposition notices, and that Intubrite is now entitled to dismissal of EDU-USA's complaint as a result of their failure to show, or in the alternative, to an order compelling the depositions of Choi and Wong as "managing agents" of EDU-USA.

# II. DISCUSSION

Under Federal Rule of Civil Procedure 37(d), a party may be subject to dismissal or lesser sanctions if the party or party's officer, director, or managing agent fails, after being served with proper notice, to appear for that person's deposition. Fed. R. Civ. P. 37(d)(1)(A)(I) & (d)(3). Dismissal is appropriate only where "the party's violations of the court's orders [are] due to wilfulness or bad faith." Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011). "It is appropriate to reject lesser sanctions where the court anticipates continued deceptive misconduct." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091 (9th Cir. 2007).

The court must consider five factors in determining whether dismissal is warranted, namely: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the

availability of less drastic sanctions." Dreith at 788 (internal quotations omitted).

Here, the Court finds that no sanctions of any kind are warranted, including dismissal. Even if the Court were to find sanctions appropriate, the factors strongly weigh against dismissal. First, there are certainly less drastic sanctions available. Moreover, there is no risk of prejudice to Intubrite because it was on notice that EDU-USA was objecting to the depositions, and Intubrite may still pursue those depositions by other means if the proposed deponents are not managing agents. In addition, dismissing EDU-USA's claims would still leave Intubrite's claims to be resolved, and therefore would not result in a more expeditious resolution of the litigation. Finally, the Court finds that the public policy favoring disposition of cases on their merits weighs heavily in this case.

There appears to be a good faith-dispute between the parties as to whether Rule 37(d) applies to the proposed deponents. Intubrite argues that Rule 37(d) does apply because Choi, Wong, Lai, and Tsang are managing agents of EDU-USA. EDU-USA argues that none of the four are managing agents, and that EDU-USA only became aware that Intubrite believed them to be managing agents on the afternoon of April 8, 2013, the day before Mr. Choi was scheduled to be deposed. See Opp. (ECF No. 63) at 4.

Technically, the fact that Intubrite served notice of the depositions rather than obtaining subpoenas indicated that it considered the four to be party deponents rather than outside witnesses, since under the Federal Rules of Civil Procedure, "only a party to a lawsuit may be deposed pursuant to notice as opposed to subpoena," Calderon v. Experian Info. Solutions, Inc., 287 F.R.D. 629, 631 (D. Idaho 2012); see also Fed. R. Civ. P. 30 & 45. However, EDU-USA's failure to recognize that is not necessarily a sign of bad faith, especially where Intubrite had timely notice of EDU-USA's objections to the depositions. See EDU-USA's Opp. (ECF No. 63), Attachment A.

As an alternative to dismissal, Intubrite seeks a court order compelling the depositions of Mr. Choi and Ms. Wong. While the Court finds that compelling their

depositions is inappropriate at this time, the question remains whether they are managing agents such that EDU-USA must seek a protective order rather than simply objecting to the depositions. See Fed. R. Civ. P. 37(d)(2) (a party is only excused for failing to produce a managing agent for deposition if it has a pending motion for a protective order).

"[T]he question of whether a particular person is a 'managing agent' is to be answered pragmatically, on an ad hoc basis, considering the facts of the particular case." Calderon v. Experian Info. Solutions, Inc., 287 F.R.D. 629, 632 (D. Idaho 2012). Noting that the Ninth Circuit has not yet addressed the appropriate standard, the court in Calderon noted the following four factors are consistently observed in the case law:

> (1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demand of the examining party; (3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which information is sought by the examination; (4) the general responsibilities of the individual respecting the matters involved in the litigation.

Id. "[W]hile the burden is on the party seeking the discovery to prove that the potential witness is a managing agent of the corporation, this burden is a modest one, and at least at the discovery stage, all doubts are to be resolved in favor of the party seeking the depositions." Id. at 632-33.

With regard to Mr. Choi, Intubrite is seeking his deposition as a managing agent of EDU-USA, despite the fact that Mr. Choi is a director of EDU-HK. Intubrite argues that "EDU-USA and EDU-HK are sufficiently linked to treat them as the same for discovery purposes." Mot. at 6. There is insufficient evidence on the record before the Court to make that determination. Moreover, while the Court has discretion in determining the status of each individual on a case-by-case basis, the factors noted by

the court in Calderon start from the assumption that the individual in question is actually an employee of the company. The evidence and arguments presented by Intubrite are insufficient to convince the Court that Mr. Choi is employed by, or otherwise an agent of, EDU-USA. Intubrite points to a Quality Control agreement signed by Mr. Choi on behalf of "EDU-Science," see Mot., Attachment 4, and investigation reports and emails on which Mr. Choi is copied. See Mot., Attachments 5 & 6. However, the contract is ambiguous at best as to whether "EDU-Science" denotes EDU-USA, EDU-HK, or some amalgamation of the two. Moreover, as EDU-USA points out, it makes sense that Mr. Choi would be copied on these emails and investigation reports since his company was the manufacturer of the products at issue. Opp. at 9. Therefore, the Court holds that Intubrite has not met its burden of showing that Mr. Choi is a managing agent of EDU-USA.

As to Ms. Wong, who is an employee of EDU-USA, or at least was at the time the deposition was noticed, the parties seem to agree that she has knowledge of the contracts at issue. However, EDU-USA argues that she is not a managing agent because she had no discretionary authority, but rather only acted under Mr. Ng's direction. The Court disagrees. She, not Mr. Ng, signed the price quotations at issue in this case. Moreover, EDU-USA itself identified her in its initial disclosures as a person with knowledge or information about the subject matter of the litigation. Specifically, EDU-USA states that she may have knowledge or information regarding: (1) Sales and Purchase Orders from Intubrite, (2) fixing quality issues of products involved in this litigation purchased by Intubrite, (3) creating and sending invoices to Intubrite, (4) customer relations between Edu-Science and Intubrite, and (5) other subjects as they may arise during the course of the litigation. See Mot., Attachment 7 at 2. The case law is clear that employees, regardless of their title at the company, may be considered "managing agents" for deposition purposes "where their duties and activities are closely linked with the events giving rise to the lawsuit." Calderon, 287 F.R.D. at 633.

With regard to the fact that Ms. Wong is no longer employed by EDU-USA, an employee's status as a managing agent is generally determined as of the time of deposition. Rundquist v. Vapiano SE, 277 F.R.D. 205, 208 (D.D.C. 2011). "However, courts have made exceptions to this general rule, for example when a corporation terminates an officer in light of pending litigation. . . ." Id. See also United States v. Afram Lines (USA), Ltd., 159 F.R.D. 408, 414 (S.D.N.Y. 1994) (noting the disagreement among courts as to when the proposed deponent must have been the party's managing agent in order to be subject to deposition by notice). Here, the parties allude to Ms. Wong's employment being terminated after service of the notice of deposition due to alleged health problems. See Mot. at 8-9; Opp. at 2. However, EDU-USA has not submitted any evidence to support this.

Therefore, the Court holds that Ms. Wong is a managing agent of EDU-USA. EDU-USA requested leave to bring a motion for a protective order to address Ms. Wong's medical condition if the Court determined that she is a managing agent. EDU-USA's request is granted. EDU-USA may file a motion for a protective order by the magistrate judge within 21 days of the date of this order, at which point it may also raise the issue of where the deposition should be held. If EDU-USA fails to seek a protective order within that time, Intubrite may file another motion to compel before the magistrate judge.

//
//
//
//
//
//
//
//
//

## III. CONCLUSION

For the reasons above, Intubrite's motion for terminating sanctions or an order compelling depositions (ECF No. 60) is hereby **DENIED**. EDU-USA has 21 days from the date of this order to seek a protective order from the magistrate judge as to Ms. Wong. If it fails to do so, Intubrite may bring another motion to compel before the magistrate judge.

**IT IS SO ORDERED.**

DATED: September 3, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court