# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDU-SCIENCE (USA) INC., <br><br> Plaintiff, <br> v. <br><br> INTUBRITE LLC, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS | Case No. 12cv1078 BTM(WVG) <br><br> **ORDER GRANTING MOTION TO DISMISS CROSS-COMPLAINT** |

Intubrite LLC ("Intubrite") has filed a motion to dismiss the First Amended Cross-Complaint ("FACC") filed by Edu-Science (HK) Ltd. ("Edu-HK"). For the reasons discussed below, Intubrite's motion to dismiss is **GRANTED**.

## I. BACKGROUND

On February 16, 2013, Edu-Science (USA) Inc. ("Edu-USA") commenced this action against Intubrite. In its Complaint, Edu-USA alleges that Intubrite breached contracts to purchase stylettes and laryngoscopes with pouches ("blades"), used for tracheal intubation. According to Edu-USA, although Intubrite paid for some of the product, Intubrite did not fulfill its obligations

under the contracts (purchase orders issued by Intubrite).

In its counterclaim/cross-claim, Intubrite alleges, "On information and belief, EDU-USA and EDU-HK have an agency or joint venture relationship with EDU-USA essentially acting as the United States office of EDU-HK." (Counterclaim ¶ 5.)  Intubrite alleges that there were defects in delivered product as well as untimely delivery. (Counterclaim ¶¶ 11-14.) According to Intubrite, it has paid for all of the product that it has actually received, and was forced to terminate its business relationship with Edu-USA and Edu-HK after they refused to continue deliverng product and demanded that Intubrite pay in advance for all of its purchase orders. (Counterclaim ¶¶ 15-16.)  Intubrite asserts the following claims against Edu-USA and Edu-HK: (1) breach of contract; (2) breach of the implied warranty of merchantability; (3) negligence; (4) intentional interference with prospective economic advantage; (5) negligent interference with prospective economic advantage; (6) intentional misrepresentation of fact; and (7) negligent misrepresentation of fact.

In the FACC, Edu-HK alleges that Intubrite and Robert Hicks, Intubrite's principal, induced Edu-HK into manufacturing the goods at issue and incurring substantial costs and expenses by making false representations that Intubrite had the financial resources to enter into a transaction of the size and cost under discussion. (FACC ¶¶ 21, 26, 33, 45.) Edu-HK alleges that Intubrite did not actually have the financial resources to perform under the purchase orders, resulting in Intubrite's breach of contract. (FACC ¶¶ 61-63.)  The FACC asserts the following claims against Intubrite and Hicks: (1) fraud - intentional misrepresentation; (2) fraud - nondisclosure; (3) negligent misrepresentation.

## II. **STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal

theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, 565 U.S. 662, 679 (2009) (internal quotation marks omitted). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. Id.

### III. DISCUSSION

Intubrite moves to dismiss the FACC for failure to state a claim. As discussed below, the Court agrees that dismissal is warranted.

A court may dismiss a claim of fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1107 (9th Cir. 2003).[1] Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997).

The first problem with Edu-HK's fraud claims is that Edu-HK fails to set forth facts regarding why the statements at issue were false at the time they

---

[1] Claims of negligent misrepresentation "sound in fraud" and are therefore subject to Rule 9(b)'s heightened pleading standard. Errico v. Pacific Capital Bank, N.A., 753 F. Supp. 2d 1034, 1049 (N.D. Cal. 2010).

were made. Under Rule 9(b), a plaintiff must "set forth what is false or misleading about a statement, and why it is false." Yourish v. California Amplifier, 191 F.3d 983, 993 (9th Cir. 1999). Accordingly, the plaintiff must "set forth, as part of the circumstances constituting fraud, an explanation as to why the disputed statement was untrue or misleading when made." Id. (quoting In re GlefFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994)).

Here, the FACC alleges that on several occasions, Hicks and William Goodrich, an agent for Intubrite,[2] made false representations to Edu-USA and Edu-HK that Intubrite was "well-funded" and had the financial resources to allow Intubrite to make the financial commitment to go forward with the transaction being discussed. (FACC ¶¶ 21, 26, 33, 45.) The FACC further alleges that "[d]iscovery obtained in the present case confirmed that Intubrite's representations about its financial condition and resources were false." (FACC ¶ 63.) However, Edu-HK does not specify what the discovery was and what it revealed about Intubrite's financial condition and resources at the time Hicks and Goodrich made the statements at issue. Additionally, the allegations in paragraphs 50 and 51 are Edu-HK's conclusions and not facts. Edu-HK must allege actual evidentiary facts demonstrating that it has a plausible claim. Edu-HK's vague allegations regarding falsity are insufficient to satisfy Rule 9(b)'s or Iqbal's requirements.

The second problem with Edu-HK's fraud claims is that it is unclear whether Edu-HK was even in a position to rely on Intubrite's representations. Edu-HK alleges that Hicks and Goodrich made the misrepresentations regarding Intubrite's financial condition to induce Edu-HK to agree to

---

[2] Intubrite argues that Edu-HK has failed to allege sufficient facts showing that Goodrich was in fact an agent for Intubrite. However, any shortcoming in this regard is of little significance because Goodrich is not named as a defendant, and Edu-HK alleges that Hicks made the same representations. At any rate, it can be inferred from the circumstances that Goodrich, who was sent to meetings by Intubrite, was acting in a representative capacity.

manufacture the goods ordered by Intubrite and to commit its own resources and incur expenses and costs to commence manufacturing goods for Intubrite. (FACC ¶ 53.) However, the purchase orders were placed with Edu-USA, not Edu-HK. (FACC ¶ 1.)

Edu-HK was not a contracting party, but, rather, a manufacturer of the products. It is unclear whether Edu-HK could refuse to manufacture goods that Edu-USA contracted to provide or had any input into what contracts Edu-USA entered into. Accordingly, Edu-HK has not pled sufficient facts establishing actual reliance on the representations at issue.[3]

Edu-HK has also failed to allege sufficient facts regarding the damages it suffered as a result of the alleged fraud. Although Rule 9(b) may not require more particular pleading for the element of damages, see In re GlenFed, Inc., 42 F.3d at 1548, even under ordinary pleading standards, sufficient facts must be alleged to support a claim for damages. See, e.g., Zierolf v. Wachovia Mortgage, 2012 WL 616352 (N.D. Cal. Dec. 11, 2012) (dismissing promissory estoppel claim for failure to allege sufficient facts linking the defendants' alleged wrongdoing to any damages suffered by plaintiff). Edu-HK alleges that it was damaged because it incurred expenses and costs to commence manufacturing goods for Intubrite, including tooling, machinery and equipment, engineering and personnel resources, warehouse space, production line resources, and other overhead and administrative expenses. (FACC ¶ 44.)

---

[3] Edu-HK's claim for fraudulent nondisclosure fails for the same reason. Under California law, the circumstances in which nondisclosure of concealment may constitute actionable fraud include (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts. LiMandri v. Judkins, 52 Cal. App. 4th 326, 336 (1997). The last three circumstances presuppose the existence of some other relationship between the plaintiff and defendant in which a duty to disclose can arise. Id. "As a matter of common sense, such a relationship can only come into being as a result of some sort of *transaction* between the parties." Id. at 337. As currently pled, the FACC does not allege facts establishing any kind of transactional relationship between the parties that would give rise to a situation where Edu-HK might rely on representations by Intubrite.

But there are insufficient facts to conclude that Edu-HK, as opposed to Edu-USA, will bear the brunt of any loss. As already discussed, Intubrite contracted with Edu-USA. Edu-USA had some sort of arrangement with Edu-HK whereby Edu-HK would manufacture the products (FACC ¶ 2), but the terms of that arrangement are unknown. It is possible that Edu-USA was liable for any expenses incurred by Edu-HK, regardless of whether Intubrite paid Edu-USA. Indeed, the Court notes that in its Complaint, Edu-USA alleges that it purchased capital equipment in the amount of $200,000 that can only be used for producing the blades ordered by Intubrite. (Compl. ¶ 14.) Edu-USA also seeks damages for, among other things, costs and expenses for unused factory capacity reserved for products ordered by Defendant, demurrage and storage charges, materials acquired and held for products, and disruption caused to Edu-USA's ongoing production and distribution schedules. (Compl., Prayer for Relief.) Exactly how or if Edu-HK was damaged remains unclear.

Intubrite also moves for dismissal on the ground that Edu-HK's claims are time-barred. In California, fraud claims have a three-year statute of limitations. Cal. Code Civ. Proc. § 338(d). However, a claim for fraud is "not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud of mistake." Id. Edu-HK claims that it did not discover that Intubrite had made false representations until 2011, after Intubrite tried to cancel the contract between itself and Edu-USA. As discussed above, Edu-HK has not sufficiently alleged what facts it discovered to make it realize that the representations about Intubrite's financial condition were false when made. However, if Edu-HK can successfully amend its complaint to remedy this defect as well as the other defects identified above, Edu-HK's claim will not

necessarily be barred by the statute of limitations.[4]

## IV. CONCLUSION

For the reasons discussed above, Intubrite's Motion to Dismiss Amended Cross-Complaint is **GRANTED**. Edu-HK's First Amended Cross-Complaint is **DISMISSED** for failure to state a claim. The Court grants leave for Edu-HK to file a Second Amended Cross-Complaint addressing the deficiencies identified above. If Edu-HK chooses to amend, Edu-HK must file the Second Amended Cross-Complaint within 30 days of the entry of this Order.

**IT IS SO ORDERED.**

DATED:  February 27, 2014

*[signature: Barry Ted Moskowitz]*
BARRY TED MOSKOWITZ, Chief Judge
United States District Court

---

[4] Intubrite argues that Edu-HK was not reasonably diligent in discovering the alleged fraud because it could have asked for financial documentation previously and seemed to be suspicious about Intubrite's financial resources from the beginning. However, the Court would not hold, based on pleadings alone, that Edu-HK had a duty to investigate Intubrite's finances despite Intubrite's repeated assurances that it had sufficient financial resources.