# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDU-SCIENCE (USA) INC., | Case No. 12-cv-1078 BAS (JLB) |
| | **ORDER:** |
| | **(1) GRANTING DEFENDANT'S MOTION TO DISMISS; AND** |
| INTUBRITE LLC, | **(2) DENYING EDU-HK'S MOTION FOR LEAVE TO AMEND** |
| | **[ECFs 102, 113]** |
| AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS | |

On September February 16, 2012, Plaintiff Edu-Science (USA) Inc. ("Edu-USA") sued Defendant IntuBrite LLC ("IntuBrite") for breach of contract. ECF 2. Plaintiff now seeks to file a Second Amended Complaint, adding fraud claims against Intubrite and its alleged agent, prospective Defendant Robert Hicks.

While Plaintiff iterated its complaint, Cross-Claimant Edu-Science (HK) Ltd. ("Edu-HK") and Cross-Claimants and Defendants Intubrite and Robert Hicks

filed Cross-Complaints. These Cross-Complaints have also been amended repeatedly.

As it currently stands, Edu-USA has moved for leave to file a Second Amended Complaint (ECF 113); Edu-HK has filed a Third Amended Crossclaim (ECF 98), which Defendants are moving to dismiss (ECF 102); and IntuBrite's First Amended Counterclaim (ECF 99) against Edu-USA and Edu-HK has been answered (ECFs 103, 104).

For the following reasons, Defendants' motion to dismiss is **GRANTED** (ECF 102) and Edu-USA motion for leave to file a Second Amended Complaint is **DENIED** (ECF 113).

### I. BACKGROUND

On February 16, 2013, Edu-USA sued IntuBrite for breach of contract. Edu-USA alleges that IntuBrite breached its contract to purchase custom-manufactured instruments for tracheal intubation from Edu-USA. According to Edu-USA, although IntuBrite paid for some of the product, IntuBrite did not fulfill its obligations under the contracts (purchase orders issued by IntuBrite).

IntuBrite, in a counterclaim/cross-claim, alleged that the products delivered were defective and untimely. IntuBrite's Amended Counterclaim ("IACC") ¶¶ 33–35. IntuBrite further claims it paid fully for the products it actually received. IACC ¶ 36. IntuBrite asserts seven claims against Edu-USA and Edu-HK: (1) breach of contract; (2) breach of the implied warranty of merchantability; (3) negligence; (4) intentional interference with prospective economic advantage; (5) negligent interference with prospective economic advantage; (6) intentional misrepresentation of fact; and (7) negligent misrepresentation of fact.

Edu-USA and Edu-HK now attempt to assert fraud claims in addition to Edu-USA's previously asserted breach of contract claims. In Edu-HK's Third Amended Crossclaim ("TACC") and Edu-USA's proposed Second Amended Complaint ("SAC"), Edu-HK and Edu-USA allege that IntuBrite and its agents

1  induced Edu-HK and Edu-USA to manufacture the products by falsely
2  representing that it had sufficient financial backing for the purchase orders.

## II.   MOTION TO DISMISS

Defendants' motion to dismiss Edu-HK's Third Amended Crossclaim ("TACC") alleges that Edu-HK's amendments do not satisfy the requirements of the court's previous Order dismissing the First Amended Crossclaim.[1] ECF 86. In that Order, the court identified four insufficiencies that Edu-HK must remedy to survive a motion to dismiss. First, Edu-HK needed to show that the challenged statements were false or misleading when made. Second, Edu-HK needed to show it was in a position to rely on IntuBrite's statements. Third, Edu-HK needed to show that Edu-HK, not Edu-USA, bore the brunt of the losses caused by reliance. Last, Edu-HK needed to allege its claims were not time-barred. The Court finds that Edu-HK has failed to properly plead falsity, and therefore Edu-HK's TACC are dismissed.

A court may dismiss fraud claims if the "allegations fail to satisfy the heightened pleading requirements of Rule 9(b)[.]" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). To satisfy the particularity requirement of Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Plaintiffs must plead enough facts to give defendants notice of the time, place, and nature of the alleged fraud together with an explanation of the statement and why it was false or misleading. *See id.* at 1107.

In Edu-HK's First Amended Crossclaim ("FACC"), Edu-HK failed to properly allege *why* the challenged statements were false. Under Rule 9(b), they are required to "set forth what is false or misleading about a statement, and why it

---

[1] The Court previously dismissed Edu-HK's Second Amended Crossclaim because it did not properly allege diversity. As a result, the Court did not address its factual allegations. ECF 96.

is false." *Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). In the FACC, Edu-HK alleged that "[d]iscovery obtained in the present case confirmed that Intubrite's [sic] representations about its financial condition and resources were false." FACC ¶ 63.[2]

In the TACC, Edu-HK again challenges IntuBrite's statements, through William Goodrich and Defendant Robert Hicks, that IntuBrite was well-funded, had the financial resources to enter into an order of the magnitude discussed, and was backed by Hicks and another individual, Todd McKinney, who were wealthy and had made substantial money from other inventions and investments. TACC ¶¶27–33. Edu-HK now claims these statements were false when made because SEC filings and financial documents obtained during discovery showed IntuBrite operated at a $400,000 annual loss during the relevant period and relied on revenue from the sale of Edu-HK's shipments to purchase further orders. TACC ¶¶ 73–77.

However, the SEC filings seem at best tangential to the falsity of Hicks and Goodrich's statements. IntuBrite is a privately-held limited liability company, of which Hicks is a member, and Hicks and McKinney's personal wealth may have financed or backed the purchase orders. There are no alleged facts contradicting this. Financial backing and cash reserves are independent from annual profits or losses, and without facts that IntuBrite was actually insolvent at the time the deal was entered into, stating it must be so is impermissibly conclusory. Even if IntuBrite relied on proceeds from the sale of Edu-HK manufactured instruments to purchase subsequent orders, it does not mean that IntuBrite did not have access to other assets. TACC ¶ 67.

Edu-HK also added claims that IntuBrite's alleged agreement with a Pakistani manufacturer to produce the instruments at lower cost illustrates IntuBrite acted fraudulently. TACC ¶ 60. While this might be evidence that

---

[2] As stated in the court's previous Order dismissing the FACC, paragraphs 50 and 51 are legal conclusions, not facts. Order Dismissing FACC 4:16–17, ECF 86.

1  IntuBrite intended to breach the contract, it does not show that IntuBrite was in
2  dire financial straits either at the time or breach or when entering into the contract.
3       At this point, Edu-HK's claims fail to show that IntuBrite made false or
4  misleading statements about its financial situation. If later facts reveal that Hicks or
5  McKinney either could not or would not financially back the contract at the time
6  Hicks and Goodrich made those statements, Edu-HK might be able to state a claim.
7  As it currently stands, Edu-HK has not properly alleged falsity. Accordingly, this
8  Court will **GRANT** Defendants' motion to dismiss the TACC and dismisses it
9  **WITHOUT PREJUDICE**. ECF 102.

### III. LEAVE TO AMEND

The Court now turns its attention to Edu-USA's motion for leave to file a Second Amended Complaint. ECF 113. Intubrite opposes the motion on three bases: (1) Edu-USA unduly delayed asserting its fraud claims, (2) the proposed amendment would be prejudicial, and (3) the proposed amendment would be futile because it would not survive a motion to dismiss. For the following reasons, amending the complaint to assert fraud claims would be futile.

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, a party may amend its complaint only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires," and apply this policy with "extreme liberality." *Id.*; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, leave to amend is not to be granted automatically. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). Granting leave to amend rests in the sound discretion of the district court. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

The Court considers five factors in assessing a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the

amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  The party opposing amendment bears the burden of showing any of the factors above. *See DCD Programs*, 833 F.2d at 186.  Of these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  However, absent prejudice, a strong showing of the other factors may support denying leave to amend. *See id.*

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  Futility is a measure of the amendment's legal sufficiency.  "[A] proposed amendment is futile only if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Thus, the test of futility is identical to the one applied when considering challenges under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978); *see Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend . . . where the amended complaint would be subject to dismissal." (citation omitted)).

Here, Magistrate Judge Jill L. Burkhardt issued a scheduling order on September 30, 2014 requiring any request to amend the pleadings be filed by November 24, 2014. In fact, Edu-USA did move to file an amended pleading on that date. This deadline was set, in part, because of the threshold issues of standing the Court took time to carefully consider before this litigation could proceed. Because this delay resulted from that cogitation, it should not be blamed on Edu-USA. As a result, this Court declines to weigh this factor against granting leave to amend.

Secondly, Intubrite challenges the amendment as prejudicial. Intubrite

1  claims that their discovery deadlines are fast-approaching, and that the fraud
2  claims will require additional discovery requests. However, this prejudice can be
3  mitigated by extending the discovery deadline. The Court therefore does not weigh
4  this factor against Edu-USA.

5  Lastly, however, the proposed amendment would be futile. Edu-USA
6  attempts to assert the same fraud claims previously asserted in Edu-HK's TACC.
7  For the same reasons stated above, Edu-USA also fails to meet Rule 9(b)'s
8  requirement that claimants show falsity. Without such factual basis, the fraud
9  claims could not survive a motion to dismiss. Accordingly, the Court **DENIES**
10 Edu-USA leave to amend its complaint. ECF 113.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss Edu-HK's TACC. ECF 102. Edu-HK's TACC is **DISMISSED WITHOUT PREJUDICE**. ECF 98. For the reasons stated, the Court also **DENIES** Edu-USA's motion for leave to amend its complaint. ECF 113.

**IT IS SO ORDERED.**

Dated: March 10, 2015

_____
Hon. Cynthia Bashant
United States District Judge