UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDU-SCIENCE (USA) INC.,<br>                              Plaintiff,<br><br>vs.<br><br>INTUBRITE, LLC,<br>                              Defendant. | Case No.:  12cv1078 BAS (JLB)<br><br>**ORDER:**<br><br>**(1) DENYING INTUBRITE'S MOTION TO QUASH SUBPOENA; AND**<br><br>**(2) GRANTING IN PART AND DENYING IN PART EDU-USA'S MOTION TO COMPEL**<br><br>**[ECF Nos. 121, 122]** |

Presently before the Court is Defendant IntuBrite's ("IntuBrite") Motion to Quash Subpoena (ECF No. 121), and Plaintiff Edu-Science's ("Edu-USA") Motion to Compel Production of Documents (ECF No. 122).  For the reasons set forth below, the Motion to Quash Subpoena is **DENIED** and the Motion to Compel is **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

On February 16, 2013, Edu-USA sued IntuBrite for breach of contract.  (ECF No. 2.)  In its First Amended Complaint, Edu-USA alleges that IntuBrite breached its contract to purchase custom-manufactured instruments for tracheal intubation from Edu-USA.

1  (ECF No. 97 at 5.)  According to Edu-USA, although IntuBrite paid for some of the

2  product, IntuBrite did not fulfill its obligations under the contracts.  (*Id*.)

3      IntuBrite, in its First Amended Counterclaim, alleges that the products delivered

4  were defective and untimely.  (ECF No. 99.)  IntuBrite further claims it paid fully for the

5  products it actually received.  (*Id*. at 5.)  IntuBrite asserts seven claims against Edu-USA

6  and Counter Defendant Edu-Science (HK) LTD ("Edu-HK"): (1) breach of contract; (2)

7  breach of the implied warranty of merchantability; (3) negligence; (4) intentional

8  interference with prospective economic advantage; (5) negligent interference with

9  prospective economic advantage; (6) intentional misrepresentation of fact; and (7)

10  negligent misrepresentation of fact.  (ECF No. 99.)

11      Edu-HK, in its Third Amended Cross-Complaint, asserted three claims against

12  IntuBrite and Cross Defendant Robert Hicks: (1) intentional misrepresentation; (2)

13  fraudulent non-disclosure; and (3) negligent misrepresentation.  (ECF No. 98.)  On March

14  10, 2015, Edu-HK's Third Amended Cross-Complaint was dismissed without prejudice for

15  failure to properly allege falsity.  (ECF No. 118 at 5.)

16      On March 23, 2015, this Court issued a Minute Order setting a briefing schedule for

17  cross-motions to resolve the parties' pending discovery disputes.  (ECF No. 120.)  On

18  March 27, 2015, Edu-USA filed a Motion to Compel Production of Documents and

19  IntuBrite filed a Motion to Quash Subpoena.  (ECF Nos. 122, 121.)

20  //

12cv1078 BAS (JLB)

## II. THE INSANT MOTIONS

**A. Motion to Compel**

Edu-USA's Motion seeks a Court order compelling IntuBrite to produce documents responsive to six Requests for Production ("RFPs"): 135; 136; 139; and 140-142. (ECF No. 122-1.) The RFPs can be organized into three categories. RFP No. 135 seeks financial statements. (*Id*. at 4.) RFP Nos. 136 and 140-142 seek sales projections and sales forecasts.[1] (*Id*. at 5-6.) And RFP No. 139 seeks customer lists. (*Id*. at 6.) Edu-USA argues that these requests seek relevant information and that such discovery is necessary to allow it to rebut IntuBrite's counterclaims for damage to customer relationships and lost future profits. (*Id*. at 5.) Furthermore, such discovery is necessary to allow Edu-USA to "fully and completely respond to and cross-examine IntuBrite's expert testimony [regarding] damages." (*Id*. at 4.)

IntuBrite argues that the documents sought are irrelevant and that the requests violate IntuBrite's right of privacy. (ECF No. 123 at 2-5.) "While the privilege that protects financial and proprietary information is not absolute, where there is no doubt that the information requested implicates traditional notions of what is private information, the burden is on the requesting party to demonstrate that the information needs of the case outweigh the need for non-disclosure." (*Id*. at 5 (citing *Davis v. Leal*, 43 F. Supp. 2d 1102,

---

[1] RFP Nos. 140-142 seek securities law filings and investment documents because "those documents almost always contain financial projections . . . ." (ECF No. 122-1 at 6.)

1    1110 (E.D. Cal. 1999).)  IntuBrite argues that Edu-USA fails to meet this burden.  (ECF

2    No. 123 at 5.)

3    **B. Motion to Quash**

4    IntuBrite moves to quash Edu-USA's Subpoena that requests, "without limitation of

5    any kind, all IntuBrite's financial records from . . . third party [Moss Adams LLP]."  (ECF

6    No. 121 at 1.)  The subpoena requests "'[a]ll documents, financial records, financial

7    documents and financial statements relating to or pertaining to IntuBrite, LLC." (*Id*. (citing

8    Exhibit 1).)  IntuBrite objects on the grounds that the subpoena: (1) seeks irrelevant

9    information; and (2) violates IntuBrite's right to privacy.  (*Id*. at 2-5.)

10   Edu-USA argues that the documents sought are relevant to the claims and

11   counterclaims in the instant action and that IntuBrite's privacy concerns do not outweigh

12   Edu-USA's interest in obtaining relevant discovery.  (ECF No. 124 at 3-4.)

13   The parties, through meet and confer efforts, have narrowed the scope of the

14   Subpoena.  (*Id*. at 3.)  Accordingly, the Subpoena has been limited to seek the following

15   documents: balance sheets, profit and loss statements, income and expense statements,

16   statements of cash flow, and accounts receivable journals from the date IntuBrite was

17   formed through the end of 2013 or the date IntuBrite began selling a video laryngoscope

18   product, whichever is later.  (*Id*. at 3.)  As amended, the Subpoena mirrors Edu-USA's

19   *amended* RFP No. 135.  (*See* ECF No. 122-1 at 3-4.)

20   //

# III. LEGAL STANDARD

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Also, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. *Id.* District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Limits should be imposed where the burden or expense outweighs the likely benefits. Fed. R. Civ. P. 26(b)(2)(C)(iii).

Rule 37 of the Federal Rules of Civil Procedure enables the propounding party to bring a motion to compel responses to discovery. Fed. R. Civ. P. 37(a)(3)(B). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794 at *1 (S.D.

1    Cal. May 14, 2009).  Those opposing discovery are "required to carry a heavy burden of

2    showing" why discovery should be denied.  *Blankenship v. Hearst Corp.*, 519 F.2d 418,

3    429 (9th Cir. 1975).

4         Federal Rules of Civil Procedure 26 and 45 govern discovery from nonparties by

5    subpoena. *See Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir.

6    1994) (applying both rules to motion to quash subpoena).  Specifically, under Federal Rule

7    of Civil Procedure 45(a)(1)(C), any party may serve a subpoena commanding a nonparty

8    "to produce documents, electronically stored information, or tangible things . . . ."  The

9    subpoena may command the production of documents which are "not privileged" and are

10   "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery

11   of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

12        A party that is not the recipient of the subpoena has standing to challenge the

13   subpoena "where its challenge asserts that the information is privileged or protected to

14   itself."  *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 695 (D. Nev. 1994).

15   Upon a timely motion, the court issuing such a subpoena shall quash or modify it if it

16   determines that the subpoena "requires disclosure of privileged or other protected matter,

17   if no exception or waiver applies; or subjects a person to undue burden."  Fed. R. Civ. P.

18   45(c)(3)(A)(iii)-(iv).

19   //

20   //

1

## IV. ANALYSIS

2

### A. IntuBrite's Response and Objections

3       In response to the six RFPs that are the subject of the instant Motion to Compel,

4  IntuBrite responds with largely identical objections.  The standard objection is as follows:

5           Objection. The second request for production does not include a signature as
            required by Federal Rules of Civil Procedure, Rule 26(g)(1); therefore,
6           Responding Party has no duty to act on this request for production under
            Federal Rules of Civil Procedure, Rule 26(g)(2).[2]  Objection is also made on
7           the grounds that EDU-USA lacks standing to sue because it is not currently a
            corporation in good standing with the Delaware Secretary of State.[3]
8           Responding Party also objects on the ground that this request seeks documents
            that are not relevant to EDU-USA's claims or reasonably calculated to lead to
9           discovery of admissible information as it requests information not related to
            the time frame of the transactions between EDU-USA and IntuBrite and not
10          related to EDU-USA's claims.  Further objection is made on the grounds that
            this request for production is overly broad and without reasonable limitation
11          in its scope. Objection is further made on the grounds that this request fails to
            describe with reasonable particularity each item or category of items to be
12          produced. Responding Party also objects on the ground that this request
            invades Responding Party's right to privacy by seeking Responding Party's
13          confidential financial information.

14  (ECF No. 122-3 at 3-4.)  To the extent that a response differs from the one provided above,

15  the Court will identify the specific variation.

16  //

17

18  _____

19  [2]  The Court notes that an amended copy of the discovery requests, signed in ink, has been supplied to
    IntuBrite.  (*See* ECF No. 126 at 2, FN 1.)  Accordingly, the issue is now moot and the Court declines to
    address IntuBrite's signature objection.
20  [3]  Neither party addresses this objection in their briefing, nor does IntuBrite provide authority supporting
    this objection.  Accordingly, the Court will not consider it.

7

1    **B. RFP No. 135 and the Moss Adams Subpoena**[4]

2        Edu-USA's *amended* RFP No. 135 seeks the following: balance sheets, profit and

3    loss statements, income and expense statements, statements of cash flow, and accounts

4    receivable journals from the date IntuBrite was formed through the end of 2013 or the date

5    IntuBrite began selling a video laryngoscope product, whichever is later.  (ECF No. 122-1

6    at 3-4.)

7        The parties' briefing – for all six RFPs – focuses almost exclusively on the relevancy,

8    overbroad, and privacy objections.  Edu-USA argues that RFP No. 135 seeks relevant

9    information within a relevant timeframe.  The requested financial documents are

10   "necessary to allow Edu-USA to . . . cross-examine Intubrite's expert testimony regarding

11   damages," and are relevant to "assess the competitive situation in Intubrite's market as

12   reflect in . . . actual sales and financial performance."  (ECF No. 122-1 at 4-5.)  Edu-USA

13   further argues that, given IntuBrite's existing counterclaims for intentional and negligent

14   interference with a prospective economic advantage, the financial documents from the

15   extended timeframe are relevant and the need for such discovery outweighs IntuBrite's

16   privacy concerns.  (*Id.* at 5.)

17       IntuBrite argues that its financial statements are irrelevant because they "have no

18   connection at all to the existence of any alleged contract, the breach of any alleged contract,

19   _____

20   [4]  As the *amended* versions of these two requests seek the same documents from the same timeframe, the Court's analysis will address them together. (*See* ECF Nos. 122-1 at 3; 124 at 3.)

1    performance under any alleged contract, or any damages allegedly suffered by EDU-USA

2    . . . ." (ECF No. 123 at 3.)  IntuBrite objects to the extended timeframe of this request,

3    arguing that because IntuBrite does not seek damages beyond November 2012, this

4    extended timeframe is irrelevant.  Furthermore, the financial information sought is private

5    and Edu-USA has not shown that the "needs of this case outweigh the need for non-

6    disclosure of IntuBrite's confidential private information." (*Id*. at 5.)

7         The Court finds that RFP No. 135, as amended, seeks financial documents relevant

8    to the claims, counterclaims, and defenses in the instant action.  While the documents may

9    not have a connection to Edu-USA's breach of contract claim, they are certainly relevant

10   to IntuBrite's counterclaims and damages models.  Furthermore, the Court finds that the

11   extended timeframe – from the date IntuBrite was formed through the end of 2013 or the

12   date Intubrite began selling a video laryngoscope product, whichever is later – is relevant

13   and is not overbroad.  IntuBrite offers no reason, let alone a compelling reason, why the

14   damages models should end at November 2012.  Even if IntuBrite is not seeking damages

15   past this date, financial data continuing past November 2012 is relevant in light of

16   IntuBrite's counterclaims.  Accordingly, IntuBrite's relevancy and overbroad objections

17   are **OVERRULED**.

18        As IntuBrite correctly points out in its Opposition, the privilege provided for private

19   financial and proprietary information is not absolute.  (ECF No. 123 at 5.)  Rather, the

20   burden is on the requesting party to demonstrate that its interest in relevant information

9

1  outweighs the producing party's need for non-disclosure.  The right to privacy "is subject

2  to balancing the needs of the litigation with the sensitivity of the information/records

3  sought." *Davis v. Leal*, 43 F. Supp. 2d 1102, 1110 (E.D. Cal.1999); *see also Womack v.*

4  *Metro. Transit Sys.*, 2010 WL 2178962, at *3 (S.D. Cal. May 26, 2010) (balancing privacy

5  rights of third parties with discovery rights of civil litigants.)

6       With respect with RFP No. 135, IntuBrite's privacy interests must yield to

7  disclosure of the financial documents requested.  The documents sought are relevant to the

8  counterclaims in this case and have a direct impact on damages models and expert

9  testimony.  Accordingly, the Court **OVERRULES** Plaintiffs' privacy objection.

10  **C. RFP No. 136**

11       Edu-USA's RFP No. 136 seeks: "All documents in [IntuBrite's] possession, custody

12  or control relating to or pertaining to any sales projections or sales forecasts prepared by

13  [IntuBrite] and/or on [IntuBrite's] behalf at any time."  (ECF No. 122-3 at 4.)  IntuBrite

14  responds with the same objections listed in Section A.  (*Id.* at 4-5.)

15       The Court **OVERRULES** IntuBrite's relevancy objection.  The requested

16  documents are relevant given IntuBrite's counterclaims for intentional and negligent

17  interference with a prospective economic advantage.  Furthermore, the financial documents

18  are relevant to damages calculations and expert testimony.

19       For the reasons provided above, IntuBrite's privacy objection is **OVERRULED**.

20  IntuBrite's overbroad objection is **SUSTAINED in part**.  The request is *amended* to

1  include the following timeframe limitation: all documents in IntuBrite's possession,

2  custody or control relating to or pertaining to any sales projections or sales forecasts

3  prepared by IntuBrite and/or on IntuBrite's behalf *from the date IntuBrite was formed to*

4  *the end of 2013 or the date IntuBrite began selling a video laryngoscope, whichever is*

5  *later*.

6  **D. RFP No. 139**

7      RFP No. 139 seeks: "A list of [IntuBrite's] customers for each year from the date

8  [IntuBrite was] formed to present." (ECF No. 122-3 at 6.)  However, in its Memorandum,

9  Edu-USA clarifies that it is seeking customer lists to the extent they exist in specific reports

10  referred to as "Sales by Customer Detail Reports." (ECF No. 122-1 at 6.)  IntuBrite's

11  response mirrors the response set forth in Section A except for its privacy objection.  (ECF

12  No. 122-3 at 6.)  IntuBrite "objects on the ground that this request invades Responding

13  Party's right to privacy by seeking Responding Party's confidential trade secret

14  information by seeking Responding Party's client list." (*Id*.)

15      IntuBrite claims that its client list is confidential and should not be compelled in

16  light of the protection afforded to trade secrets.  (ECF No. 122-3 at 6.)  "Client lists can

17  receive trade secret protection if they satisfy the requirements of Cal. Civ. Code §

18  3426.1(d)." *Hilderman v. Enea TekSci, Inc.*, 551 F. Supp. 2d 1183, 1201 (S.D. Cal. 2008).

19  While IntuBrite responds that its client list is a trade secret and objects to producing it,

20  IntuBrite fails to address this objection in its briefing.  There is no discussion of whether

1  IntuBrite's customer list meets the requirements for protection as a trade secret.

2  Accordingly, IntuBrite has not established that its privacy interests outweigh Edu-USA's

3  interests in obtaining discovery, at least with respect to the most relevant time period.

4  Furthermore, IntuBrite has already produced the Sales by Customer Detail Reports

5  through November 2012.[5]  The dispute at issue between the parties is the production of

6  Sales by Customer Detail Reports from November 2012 to the present.  Edu-USA asserts

7  that it is entitled to the production of these reports "at least through the end of 2013 or when

8  Intubrite began selling the video laryngoscope, whichever is later," but further argues it

9  should get the reports through the present.  (ECF No. 122-1 at 6.)  IntuBrite objects to

10  producing the report up to the present.  Edu-USA does not set forth persuasive arguments

11  as to how its interest in customer sales reports after the end of 2013, or when IntuBrite

12  began selling the video laryngoscope, outweighs IntuBrite's interest in protecting its

13  current customer data.

14  The Court has already found the extended timeframe from to the end of 2013 or

15  when IntuBrite began selling the video laryngoscope to be relevant.  Accordingly,

16  IntuBrite's relevancy objection is **OVERRULED** as to that time period.  IntuBrite's

17  privacy and overbreadth objections are **GRANTED** as to the time period after the end of

18  2013 or the date IntuBrite began selling the video laryngoscope.  As such, Edu-USA's

19  _____

20  [5]  IntuBrite provided the Report to its expert – Mr. Basney – who in turn produced the Report to Edu-USA.  (ECF No. 122-1 at 6.)

12

1  motion to compel RFP 139 is **GRANTED in part** in that IntuBrite is ordered to produce

2  Sales by Customer Detail Reports for the period from November 2012 to the end of 2013

3  or when IntuBrite began selling the video laryngoscope, whichever is later.

4  **E. RFP No. 140**

5     RFP No. 140 seeks: "All documents [IntuBrite has] submitted to any federal and/or

6  state governmental agency pursuant to the securities laws of the United States, the State of

7  California, or any other state." (ECF No. 122-3 at 6.)  IntuBrite asserts the same response

8  and objections listed in Section A.

9     Edu-USA contends that the requested documents are relevant because those

10  documents will likely contain "financial projections, management's discussions of the

11  results of past operations (and the reasons for such performance) and forward-looking

12  statements and projections about future business results." (ECF No. 122-1 at 6.)

13     Relying on Edu-USA's proffered basis for requesting these documents, the Court

14  finds that RFP No. 140 is largely duplicative of RFP No. 136. [6]   However, documents

15  containing discussions about past results and the reasons for those results are not likely to

16  be captured by RFP No. 136.  The Court finds that these documents are relevant in light of

17  IntuBrite's position that its "damages include loss of sales and loss of marketplace

18  momentum, since IntuBrite did not have all of the supply it required." (ECF No. 99 at 7.)

19  _____

20  [6]  District courts have broad discretion to limit discovery where the discovery sought is "unreasonably
cumulative or duplicative . . . ."  Fed. R. Civ. P. 26(b)(2)(C)(i).

1    Accordingly, the Court **OVERRULES** IntuBrite's objections but amends RFP No. 140 as

2    follows: All documents [IntuBrite has] submitted to any federal and/or state governmental

3    agency pursuant to the securities laws of the United States, the State of California, or any

4    other state, *that discuss the results of past operations and the reasons for those results*.

5    **F. RFP Nos. 141-142**

6       RFP No. 141 seeks: "All private placement memoranda, and/or any other documents

7    used or intended to solicit investment funds, prepared by [IntuBrite] or on [IntuBrite's]

8    behalf (including all drafts thereof)." (ECF No. 122-3 at 7.) RFP No. 142 seeks: "All

9    documents in [IntuBrite's] possession, custody or control relating to or pertaining to

10    communications between IntuBrite and potential investors, including correspondence,

11    memoranda, and emails with potential investors and documents provided to potential

12    investors." (*Id.* at 8.) IntuBrite asserts the same objections raised in Section A, with the

13    following additional objection asserted in response to RFP No. 142: "Responding Party

14    also objects on the ground that this request invades Responding Party's right to privacy by

15    seeking Responding Party's, *and its investors'*, confidential financial information." (ECF

16    No. 122-3 at 8.)

17       Edu-USA seeks the above listed documents in order to obtain "financial projections,

18    management's discussions of the results of past operations (and the reasons for such

19    performance), and forward-looking statements and projections about future business

20    results." (ECF No. 122-1 at 6.)

1    In light of Edu-USA's proffered relevancy argument, the Court finds RFP Nos. 141

2 and 142 to be relevant but overbroad as drafted.  If narrowed to align with Edu-USA's

3 purported need for the information, RFP Nos. 141 and 142 would be limited to those

4 investor documents that refer to or reflect "financial projections, management's

5 discussions of the results of past operations (and the reasons for such performance), and

6 forward-looking statements and projections about future business results."  So narrowed,

7 the requests are relevant and not overbroad, and Edu-USA's interest in the discovery

8 prevails when weighed against the privacy interest asserted by IntuBrite.  Accordingly, the

9 Motion to Compel is **DENIED in part** and **GRANTED in part** as to RFP Nos. 141 and

10 142.  IntuBrite is to produce documents responsive to RFP Nos. 141 and 142 that refer to

11 or reflect financial projections, management's discussions of the results of past operations

12 (and the reasons for such performance), and forward-looking statements and projections

13 about future business results.

## V. CONCLUSION

15    For the reasons set forth above, IntuBrite's Motion to Quash Subpoena (ECF No.

16 121) is **DENIED** in light of the *amended* language agreed to by the parties during the meet

17 and confer process.[7]  Edu-USA's Motion to Compel Production of Documents (ECF No.

18 122) is **GRANTED in part** and **DENIED in part**.  IntuBrite shall produce documents

19

20

[7] *See* ECF No. 124 at 3.

1  responsive to: *amended* RFP No. 135; and shall produce documents responsive to RFP

2  Nos. 136, 139, 140 and 141-142 as amended by the Court.  Such production shall be

3  completed within **14 calendar days** of the date of this Order.

4     **IT IS SO ORDERED.**

5   Dated:  June 17, 2015

6  _____
   Hon. Jill L. Burkhardt
7  United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

12cv1078 BAS (JLB)