UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDU-SCIENCE (USA) INC.,<br><br>Plaintiff,<br><br>v.<br><br>INTUBRITE LLC,<br><br>Defendant. | Case No. 12-cv-1078 BAS (JLB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**[ECF 128]** |
| AND RELATED COUNTERCLAIMS | |

On April 23, 2015, Plaintiff Edu-Science (USA) Inc. ("Edu-USA") and Counter-Defendant Edu-Science (HK) Ltd. ("Edu-HK") (collectively, "Edu-Science") moved for partial summary judgment (ECF 128) on Defendant and Counter-Complainant IntuBrite LLC's ("IntuBrite") second, third, fourth, fifth, sixth, and seventh counterclaims, as set forth in IntuBrite's First Amended Counterclaim ("IACC", ECF 99). IntuBrite has abandoned its third, fourth, and fifth claims. Intubrite's Mem. of Facts and Contentions of Law 12, ECF 130. The Court heard oral argument on the motion on June 22, 2015. For the following

reasons, the Court **GRANTS** summary judgment on IntuBrite's sixth and seventh counterclaims in favor of the movants and **DENIES** summary judgment on IntuBrite's second counterclaim.

## I. BACKGROUND

On February 16, 2013, Edu-USA sued IntuBrite for breach of contract. Edu-USA alleges that IntuBrite breached its contract to purchase custom-manufactured instruments for tracheal intubation from Edu-USA.

IntuBrite, in the counterclaim addressed in the present motion, alleged that the products delivered were defective and untimely. IACC ¶¶ 33–35. IntuBrite further claims it paid fully for the products it actually received. IACC ¶ 36. IntuBrite has chosen to proceed on four of the seven claims against Edu-USA and Edu-HK: (1) breach of contract; (2) breach of the implied warranty of merchantability; (6) intentional misrepresentation of fact; and (7) negligent misrepresentation of fact.

The Court previously denied Edu-USA and Edu-HK's request to assert tort claims. ECF 118. Now, Edu-USA and Edu-HK move to dismiss IntuBrite's tort claims because IntuBrite lacks substantial evidence to support its claims. They also move to dismiss IntuBrite's second claim, arguing that IntuBrite's evidence of damages is inadmissible. IntuBrite's Opposition to the motion includes evidence to support the breach of implied warranty claim, but it fails to point to substantial evidence supporting material elements of the tort claims. Therefore the Court must grant summary judgment in favor of Edu-USA and Edu-HK on the sixth and seventh claim and deny summary judgment on the second claim.

## II. LEGAL STANDARD

Summary judgment is appropriate on "all or any part" of a claim if there is an absence of a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("*Celotex*"). A fact is material when, under the

governing substantive law, the fact could affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *see also Freeman v. Arpaio,* 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. *See Celotex,* 477 U.S. at 323–24.

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex,* 477 U.S. at 323. "The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial." *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006) (citing *Celotex*, 477 U.S. at 324).

"[W]hen the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. The moving party need not disprove the other party's case." *Miller*, 454 F.3d at 987 (citing *Celotex,* 477 U.S. at 325). "Thus, '[s]ummary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.' " *Miller*, 454 F.3d at 987 (quoting *Cleveland v. Policy Management Sys. Corp.,* 526 U.S. 795, 805–06 (1999) (internal quotations omitted)).

A genuine issue at trial cannot be based on disputes over "irrelevant or unnecessary facts[.]" *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987). Similarly, "[t]he mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient." *Triton Energy Corp. v. Square D. Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995) (citing

*Anderson,* 477 U.S. at 252).[1]  The party opposing summary judgment must "by [his or her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex,* 477 U.S. at 324 (quoting Fed. R. Civ. P 56(e)). That party cannot "rest upon the mere allegations or denials of [his or her] pleadings." Fed. R. Civ. P. 56(e).

When making its determination, the Court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

### III. ANALYSIS

#### A. *Breach of Implied Warranty of Merchantability*

Edu-Science moves for summary judgment on IntuBrite's second claim for Breach of Implied Warranty of Merchantability on the grounds that IntuBrite cannot prove it was damaged because of the claimed breach. Primarily, Edu-Science objects to the admissibility of Leslie Tenger's Declaration. The Court **OVERRULES** these objections without prejudice to re-raising them at trial.

Tenger states that IntuBrite's employees spent approximately 4,700 hours "performing quality control" related to Edu-Science goods. Tenger Decl. ¶ 4, ECF 134-2. She also states she personally spent approximately 1,175 hours performing quality control on Edu-Science goods. *Id.* ¶ 5. Edu-Science argues this is inadmissible because it includes inspection of all of Edu-Science's provided goods, not just those that breached the warranty of merchantability.

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (if the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment by merely demonstrating "that there is some metaphysical doubt as to the material facts").

At this point, Edu-Science has provided no case law beyond the text of California Commercial Code § 2715(1) to support its contention that only inspection of defective goods are incidental damages of this breach. In *Peterson Bros. v. Mineral King Fruit Co.*, 140 Cal. 624, 633 (1903), the court found that expenses incurred examining goods that were merchantable could not be recovered. Conversely, if "goods are rightly rejected because of what the inspection reveals, demonstrable and reasonable costs of the inspection are part of [] incidental damage caused by the seller's breach." Cal. Comm. Code § 2513, Official Comment 4.

In this case, Tenger states Edu-Science inspected 36,054 laryngoscope blades, of which 6,580 were defective. Tenger Decl. ¶ 2. Assuming that these blades were rightfully rejected, a reasonable inspection may include inspection of all of the blades. Therefore substantial evidence supports damages for this cause of action. Accordingly, the Court **DENIES** Edu-Science's motion for summary judgment on IntuBrite's second claim for breach of implied warranty of merchantability.

### B.   Tort Claims

IntuBrite's sixth and seventh claims, for intentional and negligent misrepresentation of fact, are both premised on two distinct alleged misrepresentations. First, IntuBrite alleges that Patrick Ng represented that Edu-USA was the United States Office of Edu-HK. Construing facts in favor of IntuBrite, the Court accepts that this representation was false at the time it was made in 2009, even though IntuBrite has failed to attach supporting evidence to its Opposition. However, while this misrepresentation may have been made, there is no evidence showing that this fact is material. IntuBrite alleges they would not have entered into the contract if they had known the Edu-Science entities were separate, but it fails to show *how* this is material. Without such a showing, IntuBrite cannot support its assertion that this fact was material.

Additionally, there is no evidence to support IntuBrite's unfounded belief that Patrick Ng intended to supply late and substandard goods to IntuBrite. John Hicks declares that the goods were "routinely delivered late and some of the delivered products had serious defects" to support IntuBrite's position. Hicks Decl. ¶ 8, ECF 134-1. This is insufficient. First, IntuBrite admits that the majority of the products delivered conformed to its specifications. *See* Tenger Decl. This conformity demonstrates Edu-Science's attempt to fulfill the contract, negating any speculation that at the time the contract was entered into, Edu-Science intended to breach it. Similarly, Ng's statements that Edu-Science would meet deadlines preceded the actual contract by five months. There is no evidence that Ng represented that Edu-Science could meet *specific* deadlines in April 2009. Based on Ng's deposition testimony, the deadline in question was not transmitted to Ng until September 10, 2009. Ng Dep. 120, ECF 138-1. Accordingly, because there were no material misrepresentations that were false when made, the tort claims are **DISMISSED**.

### C. *Punitive Damages*

Edu-Science seeks summary judgment on IntuBrite's prayer for punitive damages because IntuBrite's fourth and sixth causes of action have no evidentiary support. Mot. 14:4–9, ECF 128. IntuBrite has subsequently abandoned its fourth cause of action, but it still asserts that it "presents evidence of EDU's fraudulent inducement of IntuBrite to enter into a contract, which could support an award of punitive damages." Opp. 9:14–17, ECF 134.

California Civil Code § 3294 provides for punitive damages "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice[.]" § 3294(a).

Here, the Court has dismissed all claims not stemming from the contract. *See* Section III.B., *supra*. Because the remaining claims arise on the contract, California

law does not permit a punitive damages award. Accordingly, because the evidence cannot support punitive damages, the request for punitive damages is **DISMISSED**.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Edu-Science's motion for partial summary judgment. ECF 128. The Court **DISMISSES** IntuBrite's third, fourth, fifth, sixth, and seventh counterclaims and request for punitive damages. ECF 99. The Court **DENIES** the motion as it relates to IntuBrite's second counterclaim. ECF 128.

**IT IS SO ORDERED.**

Dated: June 23, 2015

Hon. Cynthia Bashant
United States District Judge