UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDU-SCIENCE (USA) INC., <br><br> Plaintiff, <br><br> v. <br><br> INTUBRITE LLC, <br><br> Defendant. | Case No. 12-cv-1078-BAS-JLB <br><br> **ORDER:** <br><br> **(1) GRANTING MOTIONS FOR TAXATION OF COSTS;** <br><br> **(2) GRANTING COSTS TO EDU-SCIENCE (HK) LTD.;** <br><br> **(3) DENYING COSTS TO INTUBRITE LLC** |
| INTUBRITE LLC, <br><br> Counterclaimant, <br><br> v. <br><br> EDU-SCIENCE (USA) INC.; EDU-SCIENCE (HK) LTD, <br><br> Counterdefendants. | |
| AND RELATED CROSS ACTIONS. | |

**I.    INTRODUCTION**

Edu-Science (USA) Inc. ("Edu-USA") sued IntuBrite LLC ("Intubrite") for

breach of contract, claiming Intubrite failed to purchase custom-manufactured instruments for tracheal intubation from Edu-USA as it contracted to do. (ECF No. 2.) Intubrite counter-sued against both Edu-USA and Edu-Science (HK) Ltd. ("Edu-HK") claiming the products delivered were defective and untimely delivered. (ECF No. 19.) Edu-HK then filed a cross-complaint against Intubrite and its owner Robert Hicks claiming Intubrite and Hicks intentionally misrepresented that Intubrite had the financial resources to pay for all the instruments ordered and that, based on these misrepresentations, Edu-HK expanded its operations only to have Intubrite back out of the deal. (ECF No. 65.)

Now both Intubrite and Edu-HK claim they were the "prevailing party" entitled to costs. The Court ultimately finds that Edu-HK was the only prevailing party and thus the Motions for Review of the Clerk's Taxation of Costs (ECF Nos. 206 and 207) are both GRANTED and costs are assessed against Intubrite in favor of Edu-HK only. (ECF No. 204, 205.)

## II. STATEMENT OF FACTS

Edu-USA filed a Complaint against Intubrite for breach of contract. (ECF No. 2.) Edu-USA alleged Intubrite breached its contract to purchase custom-manufactured instruments for tracheal intubation from Edu-USA. After a jury trial, the jury found for Defendant Intubrite and against Edu-USA on this claim. (ECF No. 187.)

Intubrite filed a counterclaim against Edu-USA and Edu-HK. (ECF No. 19.) Intubrite claimed the products delivered were defective and untimely and that it paid fully for the products it actually received. Intubrite initially filed claims against both entities for breach of contract, breach of implied warranty, negligence, intentional and negligent misrepresentation of fact and intentional and negligent interference with prospective business advantage. Before trial, Intubrite chose not to proceed on claims of negligence and intentional and negligent interference with prospective business advantage. The Court granted partial summary judgment dismissing the

intentional and negligent misrepresentation of fact claims. (ECF No. 144.) Intubrite went to jury trial on the two remaining claims of breach of contract and breach of implied warranty. The jury found for Edu-USA and Edu-HK on the implied warrant claims. (ECF No. 187.) Similarly, the jury found for Edu-HK and against Intubrite on the breach of contract claim. (*Id.*) On the breach of contract claim against Edu-USA, however, the jury found for Intubrite and against Edu-USA, but inconsistently awarded no damages. (*Id.*) No party objected to this verdict.

Finally, Edu-HK cross-claimed against Intubrite and its owner Robert Hicks for intentional and negligent misrepresentation. (ECF No. 65.) Edu-HK claimed that Intubrite and Hicks misrepresented that Intubrite had the financial resources to enter into the above-referenced contract and that, based on these misrepresentations, Edu-HK expanded its operations only to have Intubrite back out of the deal. The Court granted Intubrite's Motion to Dismiss without prejudice, finding the cross-claims contained insufficient particularity to state a claim. (ECF No. 118.) Edu-HK did not refile the claims.

After trial, both Intubrite and Edu-HK filed Bills of Costs claiming they were the prevailing parties. (ECF Nos. 189, 191.) The Clerk entered costs in the amount of $4,491.23 against Intubrite and in favor of Edu-USA (ECF No. 204) and costs in the amount of $7,479.41 against Edu-USA in favor of Intubrite. (ECF No. 205.)

**III. ANALYSIS**

"An award of standard costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.,* 342 F.3d 1016, 1022 (9th Cir. 2014).

"Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but the district court may refuse to award costs within its discretion." *Id.* This discretion, however, is not unlimited, and the Court must specify its reasons for refusing to award costs, explain why the case is not "ordinary" and why it would be inappropriate or inequitable to award costs. *Id*. Reasons for rejecting costs may

include "the prevailing party's recovery was minimal or partial." *Id.* (citing *Teague v. Bakker*, 35 F.3d 978, 991 (4th Cir. 1994) (refusing to award costs when prevailing party's recovery was so small that it was victorious in name only)). Local rules from the Southern District of California confirm that "[n]o costs will be allowed to either party if the court is unable to clearly determine the prevailing party." CivLR 54.1.

A dismissal without prejudice does not equal a judgment on the merits because the party is free to refile the action. *Oscar v. Alaska Dept. of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008). Thus, the dismissed party is not a "prevailing party" entitled to attorney's fees under the statute. *Id.* (distinguishing *Miles v. State of Cal.*, 320 F.3d 986, 989 (9th Cir. 2003), where dismissal resulted in elimination of all federal claims).

### A. Costs Imposed Against Edu-USA in favor of Intubrite

Intubrite claims it is entitled to costs against Edu-USA because the jury returned a verdict in its favor on the breach of contract claim. Ultimately, however, the jury awarded $0 in damages to Intubrite. "Under California law, a breach of contract claim requires a showing of appreciable and actual damages." *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000) (citing *Patent Scaffolding Co. v. William Simpson Construct. Co.*, 64 Cal. Rptr. 187, 191 (Ct. App. 1967)). Thus, although the jury did find in Intubrite's favor on the breach of contract claim, it found that one of the elements of that breach of contract claim was missing.

Therfore, Intubrite cannot be considered the prevailing party between these two parties. Although it was the prevailing party in the underlying breach of contract claim that Edu-USA brought against it, it was the losing party on its claim for breach of warranty. And, although it was nominally the successful party on its breach of contract claim, the recovery was victorious in name only. Ultimately, neither party won. There was no net monetary recovery by either party.

Intubrite argues that it should be considered the prevailing party because it avoided significantly more in damages than Edu-USA did. Not surprisingly it

provides no legal support for this novel theory. Because neither Intubrite nor Edu-USA succeeded in its claims, and neither is a prevailing party, neither is entitled to costs.

### B. Costs Imposed Against Intubrite in favor of Edu-HK

As a preliminary matter, both parties correctly point out that the clerk appears (not surprisingly) to have confused Edu-USA with Edu-HK. The clerk taxed costs against Intubrite and in favor of Edu-USA (ECF No. 204) when, in fact, only Edu-HK moved to tax costs. (ECF No. 191.) Therefore, the order against Intubrite should have been entered in favor of Edu-HK.

Second, although Intubrite attempts to treat Edu-USA and Edu-HK as the same entity (and argues that it was the prevailing party against both parties), the independence of these two entities was very much a factual issue presented at trial. The fact that the jury reached different verdicts on the breach of contract claims for Edu-USA than they did for Edu-HK reflects their finding that the entities are not one and the same.

Third, Intubrite argues that Edu-HK fails to adequately document whether the costs submitted were attributable to Edu-USA or Edu-HK or both. The Court disagrees. Edu-HK submits uncontradicted Declarations of Max Choi and Patrick Ng, stating that Edu-USA and Edu-HK were each responsible for one-half of the costs accrued in this litigation. (ECF Nos. 209-1 ¶3; 209-3 ¶3.) Since the costs requested are only one-half of the costs accrued, the Court finds Edu-HK adequately documents the costs it accrued.

Finally, Intubrite argues that Edu-HK was not the prevailing party because the Court earlier dismissed Edu-HK's cross-claims for fraudulent misrepresentations for lack of particularity without prejudice. In *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978 (9th Cir. 2008), the district court dismissed the complaint without prejudice finding plaintiff had failed to state a claim upon which relief could be granted. Basing its decision on *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't*

*of Health & Human Res.,* 532 U.S. 598, 600 (2001), the Ninth Circuit determined this dismissal did not confer "prevailing party" status on the defendant. First, the Court pointed out that the dismissal without prejudice did not constitute a judgment on the merits. Second, the Court concluded the dismissal did not alter the legal relationship between the parties because the plaintiff could refile the complaint.[1] *Oscar,* 541 F.3d at 981.

Although both *Oscar* and *Buckhannon* pertain to fee shifting statutes and not to the awarding of costs under Rule 54, there is no reason to define the term "prevailing party" differently for attorney's fees than for costs. *See Dattner v. Conagra Foods, Inc.,* 458 F.3d 98, 101 (2d Cir. 2006). "In general, a litigant who is a prevailing party for purposes of attorney's fees is also the prevailing party for purposes of costs." *Id.* (citing *Farrar v. Hobby,* 506 U.S. 103, 119-120 (1992) (O'Connor, J., concurring)).

Turning to this case, the Court dismissed Edu-HK's cross-complaint ruling that Edu-HK had failed to allege sufficient particularity under Federal Rule of Civil Procedure 9(b). This was not a ruling on the merits and the fact that it was dismissed without prejudice allowed Edu-HK to refile the complaint at some later time. Thus, there was no material alteration of the legal relationship between the parties, and Intubrite cannot be said to be the prevailing party on the cross-complaint.

Hence, the only prevailing party as between Intubrite and Edu-HK is Edu-HK who prevailed on Intubrite's claims after jury trial.

## IV.   CONCLUSION

For the foregoing reasons, the Motions to Retax Costs (ECF Nos. 206 and 207) are **GRANTED**. Costs in favor of Intubrite are denied. Costs in favor of Edu-

---

[1] Although Intubrite cites *Cano v. Glover*, 48 Cal. Rptr. 3d 871 (Ct. App. 2006) for the proposition that a party in whose favor a dismissal is entered is the prevailing party and is entitled to costs whether the dismissal is with or without prejudice, federal law as opposed to California law applies even though this case is based on diversity. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.,* 342 F.3d 1016, 1022 (9th Cir. 2014).

1  HK and against Intubrite are granted in the amount of $4,491.23.

**IT IS SO ORDERED.**

DATED: October 21, 2016

Hon. Cynthia Bashant
United States District Judge